# HENRY S. PETTINGILL

## v.

# JAMES M. LAWRENCE ET AL.

PLEADING—TRESPASS.—In a case of trespass to real estate, where defendants in a plea seek to justify their acts in entering upon and taking possession of a portion of the premises of plaintiff against his consent, by virtue of proceedings claimed to be had under drainage laws of this State, such facts should be stated as to show to the court, upon the face of the plea, that the plaintiff's land had been legally taken and appropriated, under the statute for drainage purposes.

ERROR to the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed November 24, 1886.

Declaration in trespass to real estate with plea of justification as follows: And for a further plea in this behalf, leave, etc., according, etc., the defendants say, *actio non*, because, they say, that at the said several times when, etc., the said close in the said several counts of the said declaration mentioned was situated within the limits of the Elm Slough Cut-off Drainage District, a corporation organized for drainage purposes, under and by virtue of the statute in such case made and provided, and was a part of the territory of said district, and the said system of works, which said corporation was organized to construct and maintain, had been located over and across the said close, eight and one-half acres thereof having been taken and appropriated for that purpose, and the said close had been found by a jury, impaneled and sworn according to the provisions of said statute, to be benefited and not to be damaged by the system of works which said district was organized to construct and maintain, and assessed for the construction and maintenance thereof; and the defendant James M. Lawrence, was then and there lawfully appointed acting commissioner of said drainage district, and as such was authorized, by the terms of the act and the proceedings by which

said district was organized and established, to enter upon said close and cause to be constructed over and across the same the said ditch or drain and levees necessary for said works, and being so authorized the said James M. Lawrence made and entered into a contract with the defendants Thomas T. Ramsey and Fielden Wooldridge, for the construction of said ditch or drain and said levee or dam; and the defendant, at the said several times when, etc., acting under and by virtue of the power aforesaid, entered upon the said close and dug up the soil thereof, and cut and carried away the trees and saplings growing thereon, for the purpose of constructing the ditch or drain and dam or levee aforesaid, doing no more injury to the said close than was necessary for that purpose, as they lawfully might according to the terms and provisions of said contract and the requirement of the plans and specifications of the works, for the construction and maintenance of which the said drainage district was organized and established; which are the same supposed trespasses in the said several counts of said declaration mentioned whereof the complainant has complained against them; and this the defendants are ready to verify and therefore they pray judgment, etc. To this plea a general and special demurrer was interposed, which was overruled by the court, and the plaintiff declining further to answer it judgment was rendered against him for costs of suit and he brings the case to this court.

Mr. HENRY S. PETTINGILL, for plaintiff in error.

Mr. JOHN G. IRWIN, for defendant in error.

PILLSBURY, J. In our opinion the demurrer should have been sustained to the plea. It abounds in conclusions of the pleader, and no such facts are averred as would enable the court to determine whether such conclusions are properly drawn from the existing facts. The defendants admit the entry into the premises of the plaintiff, and doing the acts complained of, and seek to justify under one of them, Lawrence, who, they say, "was lawfully appointed a drainage commis-

sioner," but when and where and by what authority does not appear, neither does it appear that he ever qualified after his appointment. It is not shown under what act of the legislature the corporation was organized, or he claims his authority to act. The averments of the plea in this respect would be as equally true if he was one of the three commissioners appointed by the county court as though he was sole commissioner appointed by a justice of the peace; yet if the former, it would not be competent for him alone to enter into the contract alleged in the plea. Again it is stated in the plea, more by way of recital than by averment of fact, that eight and one half acres of land had been taken and appropriated for the construction of the drain, but by whom it was taken and appropriated, or under what right and authority, does not appear. The plea is silent as to any proceeding being had to condemn the land in any court, or the nature or character of such proceedings. Such facts should be stated as to show to the court, upon the face of the plea, that the plaintiff's land had been legally taken and appropriated under the statute for drainage purposes. Chitty says, 1 Chitty Pl. page 534, that "In trespass, where the defendant justifies under a writ, warrant, precept or any other authority, he must set it forth particularly in his plea, and it is not sufficient to allege generally that he committed the act complained of by virtue of a certain writ or warrant directed to him, but he must set it forth specifically, and the defendant ought further to aver in his plea that he has substantially pursued such authority." And our court has held that a party pleading for his defense the order or process of a court of limited and not general jurisdiction, must state such facts as will show that the court has jurisdiction of the subject-matter and of the person of the party (Von Kettler v. Johnson, 57 Ill. 114), and this rule we think should be applied in cases like the present, where the defendants seek to justify their acts in entering upon and taking possession of a portion of the premises of a party against his consent, by virtue of proceedings claimed to be had under the drainage laws of this State. No such proceedings are set forth in the plea as will enable us to determine whether the lands of the plaintiff have been legally con-

demned for the purposes claimed, and we will not therefore attempt to adjudge that point until the facts are properly presented. The judgment of the court below will be reversed and the cause remanded with directions to sustain the demurrer to the plea and for further proceedings.

Judgment reversed.